IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SEP 2 5 2019

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA,

v.                                    Criminal Action No. 3:08CR412

CODY D. COURETON

## MEMORANDUM OPINION

Cody D. Coureton, a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 32) arguing that his firearm conviction is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). The Government initially filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations. (ECF No. 35.) Thereafter, the Court ordered further briefing. In its most recent Supplemental Memorandum, the Government now argues that Coureton's claim lacks merit. (ECF No. 43, at 2-5.) For the reasons set out below, the § 2255 Motion will be granted.

## I. PROCEDURAL HISTORY

On September 16, 2008, Coureton was charged in a two-count Indictment. (ECF No. 9.) Count One charged Coureton with interference with commerce by threats and violence and aiding and abetting, in violation of 18 U.S.C. § 1951(a) and (2) ("Hobbs Act robbery"). (Id. at 1-2.) Count Two charged Coureton with using, carrying, and brandishing a firearm and aiding and abetting that

offense, during and in relation to a crime of violence, to wit, the Hobbs Act robbery charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. (Id. at 2.)

On November 3, 2008, pursuant to a Plea Agreement, Coureton pled guilty to both Counts One and Two. (ECF No. 13, at 1.) However, the Plea Agreement erroneously indicated that Count One was conspiracy to commit Hobbs Act robbery. (Id.) The language of the Plea Agreement stated as follows:

> The defendant agrees to plead guilty to Counts One and Two of the criminal indictment. Count One charges the defendant with Conspiracy to Interfere with Commerce by Threats and Violence, and Aiding and Abetting that crime . . . . Count Two charges the defendant with Use, Carry and Brandishing Firearms and Aiding and Abetting in that crime During and in Relation to a Crime of Violence.

(ECF No. 13, at 1 (emphasis added).) Notably, the Indictment did not charge Coureton with conspiracy to commit Hobbs Act robbery. Rather, it charged Coureton solely with substantive Hobbs Act robbery and aiding and abetting that offense. (ECF No. 9, at 1.) The Statement of Facts in support of the Plea Agreement reflected that: "On or about June 21, 2008, CODY D. COURETON did interfere with commerce by threats and violence, and did aid and abet the crime, and he did use, carry, and brandish, and aided and abetted others in using, carrying and brandishing firearms during and in relation to a crime of violence." (ECF No. 14, at 1.) The Statement of Facts also indicated that "CODY D. COURETON, along

2

with others, did commit the acts set forth in Counts One and Two of the pending criminal indictment." (Id. at 3.)

During the Rule 11 plea hearing, the following colloquy exchanges took place:

> THE COURT: Have you received a copy of the indictment this is the formal charge, read it to yourself, and discussed it with Ms. Vidal, your attorney?
>
> MR. COURETON: Yes, sir.
>
> THE COURT: Do you understand that in Count 1 you are charged with knowingly conspiring, that is, knowingly agreeing with others to interfere with interstate commerce by threats and violence, and aiding and abetting others in that crime, that is, robbery of a facility that was involved in interstate commerce; you understand that's the charge?
>
> MR. COURETON: Yes, sir.

(ECF No. 46, at 7-8 (emphasis added).)

> The COURT: Now, in Count 2, you understand that charges you with the use, carrying and brandishing of a firearm during the commission of those acts, and aiding and abetting, the offense as charged in Count 1, all constituting a crime of violence; you understand that is the charge"
>
> Mr. COURETON: Yes, sir.

(Id. at 9-10.) On February 9, 2009, the Court sentenced Coureton to 180 months on Count One and 84 months on Count Three, to be served consecutively. (ECF No. 22, at 2.) The Judgment reflects that Coureton was convicted of "Conspiracy to Interfere With Commerce By Threats and Violence, Aiding and Abetting." (Id. at 1 (emphasis added).)

3

On June 20, 2016, Coureton filed this § 2255 Motion arguing that his conviction under 18 U.S.C. § 924(c) in Count Two must be vacated because of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Thereafter, the Government moved to dismiss, arguing that the § 2255 Motion is barred by the relevant statute of limitations.

## II. ANALYSIS

In Johnson the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," 135 S. Ct. at 2563, because the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an unconstitutionally vague manner for the reason that the Residual Clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. Id. at 2557-58 (citation omitted). Subsequently, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that "Johnson announced a substantive rule [of law] that has retroactive effect in cases on collateral review." Id. at 1268.

Coureton asserts that after Johnson, the offense of conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, that his conviction under Count Two must be vacated. As explained below,

recent decisions from the Supreme Court and the Fourth Circuit support Coureton's challenge to Count Two where his firearm conviction was predicated upon conspiracy to commit Hobbs Act robbery.

## A. Conspiracy To Commit Hobbs Act Robbery Cannot Serve As A Valid Predicate Crime of Violence For The § 924(c) Charge in Count Two

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. Id. § 924(c)(1)(A)(iii).

At the time of Coureton's convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

(A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or

(B) that by its nature, involves a substantial risk that physical force against the person or property of

5

another may be used in the course of committing the
offense [(the "Residual Clause")].

Id. § 924(c)(3). The Supreme Court recently invalidated the
Residual Clause, or § 924(c)(3)(B), in United States v. Davis, 139
S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is
unconstitutionally vague").

A defendant is guilty of Hobbs Act robbery if he or she
"obstructs, delays, or affects commerce or the movement of any
article or commodity in commerce, by robbery . . . or attempts or
conspires so to do . . . ." 18 U.S.C. § 1951(a). That statute
defines "robbery" as

the unlawful taking or obtaining of personal property
from the person or in the presence of another, against
his [or her] will, by means of actual or threatened
force, or violence, or fear of injury, immediate or
future, to his [or her] person or property, or property
in his [or her] custody or possession, or the person or
property of a relative or member of his [or her] family
or of anyone in his [or her] company at the time of the
taking or obtaining.

Id. § 1951(b)(1). The Fourth Circuit recently determined that
conspiracy to commit Hobbs Act robbery fails to satisfy the Force
Clause. See United States v. Simms, 914 F.3d 229 (4th Cir. 2019).
In Simms, the defendant pled guilty to conspiracy to commit Hobbs
Act robbery and to brandishing a firearm during and in relation to
a "crime of violence," but later challenged his brandishing
conviction on the theory that Hobbs Act conspiracy could not be
considered a "crime of violence" under 18 U.S.C. § 924(c)(3). 914

6

F.3d at 232-33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

Id. at 233-34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. Id. at 236; accord Davis, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

In the wake Davis and Simms, in other cases before this Court, the Government has conceded that "conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crime of violence for [a] § 924(c) charge" and agreed to vacating the conviction and sentence. United States v. Oliver, No. 3:11CR63-HEH, 2019 WL 3453204, at *3 (E.D. Va. July 30, 2019). In the present case, the Government does not dispute that the conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crime of violence for the § 924(c) charge in Count Two. Nevertheless, the Government contends that Coureton is not entitled to relief because the Plea Agreement merely contained a clerical error because Count One

charged Hobbs Act robbery, not Hobbs Act conspiracy. As explained
below, this argument is unpersuasive.

## B.    The Government's Abandoned Statute Of Limitations Argument

Initially, the Government filed a Motion to Dismiss the § 2255
Motion contending that it is barred by the relevant statute of
limitations.[1]    (ECF No. 30.)    However, it appears that the
Government has abandoned this argument in its Supplemental
Memorandum.[2]  The Government's decision not to pursue this defense

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty
Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year
period of limitation for the filing of a § 2255 Motion.  As
pertinent here, 28 U.S.C. § 2255(f) now reads:

   **(f)** A 1-year period of limitation shall apply to a
        motion under this section.  The limitation period
        shall run from the latest of—
        **(1)** the date on which the judgment of
             conviction becomes final;
             . . . .
        **(3)** the date on which the right asserted was
             initially recognized by the Supreme
             Court, if that right has been newly
             recognized by the Supreme Court and made
             retroactively applicable to cases on
             collateral review. . . .

28 U.S.C. § 2255(f).

[2] The Court directed the Government to file supplemental
briefing in light of the Fourth Circuit's decision in Simms.  The
Government then sought a stay until the Supreme Court announced
its decision Davis.    When the Government eventually filed its
Supplemental Memorandum, although it raised a number of procedural
defenses, it did not renew the argument that the § 22255 Motion
was barred by the statute of limitations.

8

is wise because it seems that Davis announced a new rule of constitutional law retroactively applicable to cases on collateral review which would entitle Coureton to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).[3] Because the Government has abandoned its statute of limitation argument, the Court will not address it further.

## C. Count Two Must Be Vacated

The Government argues that Coureton's § 924(c) conviction remains valid "because his conviction was predicated on completed Hobbs Act robbery (18 U.S.C. § 1951), which remains a valid predicate under the force clause, 18 U.S.C. § 924(c)(3)(A)." (Supp'l Mem. 3.) The Court agrees that the Indictment expressly charged Coureton with substantive Hobbs Act robbery in Count One. The Court also agrees that Hobbs Act robbery still constitutes a valid crime of violence under the Force Clause. See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). The Court understands that due to clerical mistake of the Government, the

---

[3] This provision delays the commencement of the limitation period until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court makes a case retroactive on collateral review through a single express holding or by multiple cases "if the holdings in those cases necessarily dictate the retroactivity of the new rule." Tyler v. Cain, 533 U.S. 656, 666 (2001). Welch, which held Johnson to be a new rule and retroactive, "logically permit[s] no other conclusion than that the rule [in Davis] is retroactive." Id. at 669 (O'Connor, J. concurring).

9

Plea Agreement erroneously reflected that Count One was conspiracy to commit Hobbs Act robbery. However, this error was perpetuated in the Rule 11 hearing and in the Judgment without correction by the Government. Although this was an alleged "clerical error," the Government offers no persuasive authority to demonstrate that the Court may simply ignore the express language of the Plea Agreement or the Judgment. The fact remains that the Plea Agreement expressly stated that Coureton pled guilty to Count One which "charges the defendant with Conspiracy to Interfere with Commerce by Threats and Violence, and Aiding and Abetting that crime" (ECF No. 13, at 1), and that at the plea colloquy, Count Two was expressly linked to, not Hobbs Act robbery, but conspiracy to commit Hobbs Act robbery. Thus, the Government's argument that Count One remains a valid predicate is unavailing.

In a footnote, the Government persists that the it can still rely upon the Hobbs Act robbery because,

> As discussed in the government's motion to stay (see Dkt. 40), the plea agreement and judgment have a clerical error that describes Count 1 as a conspiracy to commit Hobbs Act robbery. The indictment clearly defines Count 1 as substantive Hobbs Act robbery, on which Count 2 is also predicated; defendant's statement of facts admits the counts as completed robbery, not conspiracy, in paragraph 1; and defendant's § 2255 motion acknowledged that his § 924(c) conviction was predicated on substantive Hobbs Act robbery, not conspiracy.

(Id. at 3 n.1 (citations omitted).) The Government, however, fails to cite the Court to any authority whatsoever for the proposition

10

that it can rely upon those references in documents outside the Plea Agreement to broaden the basis the Plea Agreement. And, established principles regarding plea agreements do not favor the Government's argument. See United States v. Jordan, 509 F.3d 191, 196 (4th Cir. 2007) (noting that the Government is held "to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in plea agreements." (quoting United States v. Harvey. 791 F.3d 294, 300 (4th Cir. 1986))); United States v. Monroe, 580 F.3d 552, 556 (7th Cir. 2009) (observing that courts "review the language of the plea agreement objectively and hold the government to the literal terms of the plea agreement" (quoting United States v. Williams, 102 F.3d 923, 927 (7th Cir. 1996))). Accordingly, on the merits, Coureton has established that, as set forth in the Plea Agreement, his conviction for using, carrying, and brandishing a firearm in furtherance of a crime of violence was predicated solely on the conspiracy to commit Hobbs Act reflected in the Plea Agreement and Judgment.

Because Davis invalidated the Residual Clause and the Fourth Circuit held in Simms that conspiracy to commit Hobbs Act robbery is not a valid predicate violent felony under the Force Clause, Coureton's § 924(c) conviction, which was based on conspiracy to commit Hobbs Act robbery, must be vacated. Accordingly, Coureton's conviction and resulting sentence on Count Two will be vacated.

### III. CONCLUSION

The Government's Motion to Dismiss (ECF No. 35) will be denied. The § 2255 Motion (ECF No. 32) will be granted. Coureton's conviction and sentence on Count Two will be vacated. Within fourteen (14) days of the date of entry hereof, the parties shall file their position as to whether the Court needs to conduct a full resentencing or may simply enter a corrected judgment.[4]

The Clerk is directed to send a copy of this Memorandum Opinion to Coureton and counsel of record.

It is so ORDERED.

/s/     _REP_

Robert E. Payne
Senior United States District Judge

Date: September 24, 2019
Richmond, Virginia

---

[4] The Court is left to wonder of what offense Coureton was convicted considering he pled guilty to a crime that he was not charged with in the Indictment. The parties should address that issue in their briefing.